## No. 5496.

## W. V. R. WATSON *v.* J. K. WALKER & CO.

1. SECONDARY EVIDENCE.—When a fact which from its nature and the circumstances surrounding it is susceptible of direct proof, the absence of which proof is not explained, evidence secondary in its character and tending remotely by inference to establish it should be excluded.
2. CONSTRUCTION OF CONTRACTS.—Courts will not supply omissions in contracts, from a failure to insert which loss or inconvenience may have resulted to one of the contracting parties. An instruction given in a suit to recover for a breach of contract, which assumes that time was of the essence of the contract, and predicates the right to recover on that fact when there is nothing on the face of the contract to justify the assumption, presents a false issue, and is error.

APPEAL from Caldwell. Tried below before the Hon. L. W. Moore.

*Nix, Story & Story,* for appellants, cited Loving v. Dixon, 56 Texas, 75; Markham v. Carothers, 47 Texas, 22; and Houston & Texas Central Railway Company v. Terry, 42 Texas, 451.

*Stringfellow & McNeal,* for appellees, cited Pridgen v. Hill, 12 Texas, 374; Schleicher v. Markward, 61 Texas, 99; Ragland v. Wisrock, 61 Texas, 392; Titus v. Johnson, 50 Texas, 230, 241; Mills v. Ashe, 16 Texas, 296; Cole v. Cole, 17 Texas, 4; Hollingsworth v. Holshausen, 17 Texas, 41; Brandon v. Manufacturing Company, 51 Texas, 121; Andrews v. Jones, 36 Texas, 149.

GAINES, ASSOCIATE JUSTICE. Appellant sued appellees in the court below to recover an alleged balance due upon an account. Walker & Co., being merchants at Luling, agreed with Watson, who was doing business at Houston, that they would buy cotton

under limits as to price, to be designated by him, and ship the same to him at his place of business, he undertaking to pay their drafts for the cotton so bought, less the freight from Luling to Houston. Upon its arrival in Houston he was to pay the freight, cause it to be weighed and graded according to the classification of that market, and was to account for it according to its value there—that is to say, if it should be worth more in Houston than it cost in Luling, with the freight added, appellees were to have credit for the difference—but if it was worth less, he was to pay them the deficit.

It was also agreed that appellant was to report the Houston classification and weights to appellees, in case there was any falling off either in grade or quantity. Appellant alleged that this report was to be made within a reasonable time after the cotton was received; but appellees averred it was to be done immediately. The contract was by parol, and this is the only substantial difference in the allegations of the parties as to its terms.

The first assignment of error is that "the court erred in permitting defendant, J. K. Walker, to testify before the jury that defendants had contracts with J. H. Blake & Co., and Inman & Co., of Houston, Texas, during the fall of 1882, like the one they had with plaintiffs, and that they had no trouble with said firms; and that they reported on weights and classifications immediately, or from three to five days after shipment."

The plaintiff testified that different shipments arrived at the same time and that there were no marks on the bales of cotton by which they could be separated from each other; that this rendered it impossible to make a report of the different invoices or lots of cotton separately; and that therefore he had to hold back his reports until all the lots were classified and checked up, which was in February, 1883. The shipments were made from September to December, 1882, inclusive. It is to be presumed that the object of the evidence excepted to by appellant was to rebut his testimony as above set out.

Under the circumstances, it may be that in order to prove that appellant could have reported promptly the classification and weights of the several lots of cotton, it was competent to show that cotton shipped to other parties about the same time, and marked in a similar manner, was promptly classified, weighed and reported. But no reason is seen why the facts of such reports being made could not have been established by direct evi-

dence without resorting to proof of the facts that appellees had had no trouble with these other parties. So much of the evidence was improper, and we think the court erred in not excluding it.

Appellant complains in his fourth assignment that the court erred in charging the jury as follows: "And if he did not make returns of the classifications and weights, as determined in Houston, and the losses, within a reasonable time; and if you believe the failure to make such return induced the defendant to continue his shipment, then plaintiff can not recover for said losses."

It was not claimed by appellees in their answer that the stipulation that appellant should report the falling off in the weights or grades of the cotton, either immediately or within a reasonable time was made by the contract a condition precedent of his right to recover under the agreement.

Nor does it appear that any damage resulted to them from appellant's failure to make prompt reports, except that they may have been embarrassed in meeting with evidence the case made by him. We fail to see that if they had been notified and had transferred the cotton to another party they would have been in any better position. Appellant was bound to account to them for the value of the cotton in Houston. It could have yielded them no more in the hands of other parties. The question is was it correctly classified and weighed at Luling. If so, appellant must account according to those weights. Appellees might have obviated their embarrassment by stipulating that if reports were not made in a certain time, appellant should lose his right to reclamation, thereby making time of the essence of the contract. This was not done, and therefore the charge complained of in this assignment presented a false issue to the jury, and is a material error, for which the judgment must be reversed.

The other questions presented by the assignments will probably not arise upon another trial and need not be considered.

For the errors pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 19, 1887.