### JOSEPH HUCKINS v. F. R. LEITNER.

(No. 3200.)

APPEAL from Bowie County. Opinion by WILLSON, J.

TODD & HUDGINS and L. A. BYRNE, counsel for appellant.

F. M. HENRY and HENRY & HENRY, counsel for appellee.

§ 16. *Sequestration; affidavit for writ of, must so describe property as to identify it.* Appellee sued appellant for a horse alleged to be worth $500, and for $400 damages for the wrongful taking and detention of said horse by appellant. She sued out a writ of sequestration, which was a lien upon the horse, and appellant replevied. She recovered judgment for $400, the value of the horse, $400 damages, and costs. It was error to overrule appellant's motion to quash the sequestration proceeding, because the affidavit for the writ does not sufficiently describe the horse to identify him, does not directly allege the value of the same, nor even state in what county the same was to be found. [R. S., art. 4490, subd. 3.]

§ 17. *Evidence; acts of third person irrelevant, when.* It was error to admit evidence showing a taking of a horse by another person than appellant, there being no evidence connecting appellant with such taking. Such testimony, having been admitted with the understanding that further testimony connecting appellant with the

taking would be produced, should have been excluded, such further testimony not having been produced. Appellant was in no way connected with or liable for the taking of the horse by the constable of Miller county, Arkansas. It was also error to admit testimony of the value of the horse's hire for any time prior to the time that the horse came into appellant's possession. He was not liable for the detention of the horse during the time that said horse was in the possession of the constable.

§ **18.** *Conversion; measure of damages for; when special damages not recoverable.* Appellant purchased the horse at a judicial sale, and without notice that appellee owned or claimed the property. We are of the opinion that, upon the facts of this case, the measure of appellee's damage against appellant was the market value of the horse at the time the said horse came into appellant's possession, with legal interest on that amount from said date. This is the ordinary rule in cases of conversion of property, and appellant having come into possession of the horse by virtue of a purchase thereof at judicial sale, and without wrong on his part, should not be held liable for special damages. [3 Civil Cas. Ct. App., § 154.] It was error, therefore, to admit evidence as to the value of the use or hire of the horse and to instruct the jury to apply any other measure of damage than the one above stated.

§ **19.** *Res adjudicata; judicial sale; rights of stranger purchasing at.* It appears that the horse in question had been the subject of judicial controversy in the court of a justice of the peace in Arkansas, in a cause wherein appellee had interposed her claim to the horse ineffectually, and said horse was ordered to be sold, and was sold under the judgment of said court to satisfy a debt due by appellee's then husband, and appellant became the purchaser of said horse at said sale. It does not appear that said judgment, in so far as it adjudicated appellee's claim to the horse against her, was ever vacated or set aside.

It seems to us that she is precluded by that judgment from claiming said horse. She was a party to the suit in which said judgment was rendered, and the identical claim to the horse which she sets up in this suit was set up and adjudicated adversely to her in that suit. It is contended, however, that said justice's judgment was set aside and vacated in a subsequent suit brought in the circuit court in Arkansas. It appears that said judgment was so vacated and set aside as to the estate of appellee's deceased husband, but not in so far as it affected her separate claim to the horse. But, conceding that said judgment was set aside and vacated *in toto,* this occurred after the horse had been purchased by appellant under said judgment, and in our opinion his title to said horse was not impaired or affected by the decree setting aside and vacating said judgment. It is a well-settled rule that strangers purchasing at a judicial sale made under authority of a judgment or decree, not suspended by any stay of proceedings, acquire rights which no subsequent reversal of such judgment or decree can in any respect impair. [Freem. Judg. § 484; Castro v. Illies, 22 Tex. 479.]

§ **20.** *Judicial sale; irregularities in do not affect purchaser in good faith.* The court's charge to the effect that mere irregularities in a judicial sale would avoid such sale is erroneous. Such irregularities will not affect the title of a purchaser in good faith. [Morris v. Hastings, 70 Tex. 26; Harle v. Langdon, 60 Tex. 555.]