## RICKETSON v. BEST.

(Court of Civil Appeals of Texas. Jan. 21, 1911.)

1. SEQUESTRATION (§ 16*)—ISSUES—MATERIALITY—EXEMPTIONS.

In an action to recover certain personal property, or its value, the issue being whether the property belonged to plaintiff or defendant, both parties claiming to have acquired title from one alleged to be the owner in payment of a debt, the statute of exemptions constituted no defense and was immaterial.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 16.*]

2. ESTOPPEL (§ 117*)—OWNERSHIP OF PROPERTY—EVIDENCE.

Where, in an action to recover property alleged to have been owned by a firm and transferred to plaintiff in payment of a firm debt, plaintiff pleaded that defendant was estopped to deny that the property had belonged to the firm, evidence in support of such claim should be restricted to what preceded the alleged sale of the property by the firm to plaintiff.

[Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 117.*]

3. SEQUESTRATION (§ 21*)—VACATION OF WRIT—EXEMPLARY DAMAGES—EVIDENCE.

On the vacation of a writ of sequestration, evidence of plaintiff's good faith in suing out the same is material only as against a claim for exemplary damages.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 21.*]

4. SEQUESTRATION (§ 21*)—EVIDENCE—TITLE.

Plaintiff sued for certain property taken in payment of a firm debt, which property defendant claimed under a purchase from one of the members of the firm in payment of such member's individual debt. Held, that evidence that plaintiff believed that the property was the property of the firm, followed immediately by his reasons for such belief, showing the inducement to purchase, was admissible.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 21.*]

5. EVIDENCE (§ 168*)—BEST AND SECONDARY EVIDENCE.

A witness may not testify to the contents of a letter to him over objection that the letter was the best evidence, in absence of any attempt to account for the nonproduction of the letter.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 558; Dec. Dig. § 168.*]

6. SEQUESTRATION (§ 21*)—EVIDENCE.

Where plaintiff, having taken certain property from a firm in payment of the firm debt, sued to recover it from defendant, who had purchased it in payment of an individual debt of one of the partners, evidence of plaintiff's ignorance of defendant's claim at the time the suit was brought was inadmissible.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 21.*]

7. EVIDENCE (§ 165*)—BEST AND SECONDARY EVIDENCE—CONTENTS OF BILL OF SALE.

Oral evidence of the contents of a bill of sale is inadmissible in the absence of a proper predicate.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 548–555; Dec. Dig. § 165.*]

8. EVIDENCE (§ 158*)—OWNERSHIP OF PROPERTY.

Where certain property, claimed by plaintiff to have been purchased from a firm in payment of a debt, was actually delivered to the firm independent of the execution of a bill of sale, parol evidence as to what property was delivered to the firm was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471–526; Dec. Dig. § 158.*]

9. ESTOPPEL (§ 56*)—CHANGE OF POSITION—EVIDENCE.

Plaintiff sued to recover personal property alleged to have been taken by him as the property of a firm in payment of a firm note which he held. Defendant claimed that the property had been the individual property of one of the members of the firm, and had been sold to him by such member. Plaintiff had not surrendered the firm note which was never canceled. Held, that he had not changed his position to his prejudice by reason of his alleged purchase of the property in payment of the note, and hence could not claim that defendant was estopped to deny that the property was the property of the firm.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 142; Dec. Dig. § 56.*]

10. SEQUESTRATION (§ 16*)—TITLE—QUESTION FOR JURY.

In proceedings to recover certain personal property taken by writ of sequestration, evidence held to require submission of the issue of title to the jury.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 16.*]

Appeal from Tyler County Court; A. G. Reid, Judge.

Action by J. A. Best against I. C. Ricketson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Joe W. Thomas, for appellant. J. A. Mooney, for appellee.

REESE, J. This is a suit by J. A. Best against I. C. Ricketson in the county court to recover three mules, one horse, and one wagon and set of harness of the alleged value of $405, or the value thereof. With the original petition a writ of sequestration was sued out, under which this property was seized on December 5, 1908. On motion the sequestration was quashed. On December 17th an amended petition was filed and another writ issued under which the property was seized. By agreement of the parties the property was turned over to defendant upon his depositing with the clerk $405 as the value of the property and $25 to meet the costs of the suit, upon an agreement that if the plaintiff had judgment he should recover the

$405 and the $25 should be applied to the cost. If the defendant had judgment, the $430 was to be returned to him. Plaintiff claimed the mules under an alleged purchase from the firm of Ricketson & McCollum, a firm composed of A. Ricketson, father of defendant, and others; the consideration being the payment of a debt of the firm to him, upon the plea that the property belonged to them, which was denied by defendant, who claimed that the property belonged to him by purchase from A. Ricketson, in payment of a debt which he owed defendant, and had never belonged to the firm. Plaintiff pleaded estoppel against defendant, relying also on title in the firm aforesaid which is alleged to have passed to him by the sale. Defendant answered by general denial and general and special exceptions, which need not be here set out, all of which were overruled. Trial with a jury resulted in a verdict and judgment for plaintiff, from which, motion for new trial being overruled, defendant appeals.

There was no error in overruling appellant's exception to that part of the petition setting up estoppel. The facts alleged, if true, would have operated an estoppel upon appellant to deny the ownership of Ricketson & McCollum.

The statute exempting certain property from forced sale for debt offered no defense to the action. The issue was whether the property belonged to appellant or appellee. This disposes of the first and second assignments of error.

In support of appellee's plea of estoppel, evidence was admitted over the objection of appellant as to whether appellee believed the property belonged to Ricketson & McCollum, and as to whether appellant had ever told appellee's agent Mooney that the property belonged to him. The issue presented by the plea was whether appellee had been induced to "change his relation to the property" by the acts and conduct of appellant and had been induced thereby to believe that it belonged to the firm of Ricketson & McCollum. In the trial of such an issue the evidence must necessarily take rather wide range. Such evidence, however, should have been restricted to what preceded the alleged sale of the property to appellee. What occurred afterwards could not have induced the act of appellee in buying the mules.

If appellant had claimed anything more than actual damages for suing out the writ of attachment, such evidence, as tending to rebut a claim for exemplary damages, and showing that appellee acted under an honest belief, when he sued out the writ of sequestration, that the property belonged to him, would have been admissible, but as against a claim for actual damages only it could not have mattered what the belief of appellee or his agent Mooney was as to the ownership of the property, if in fact it belonged to appel-

lant. If it did, the seizure of the property under the writ of sequestration was wrongful and entitled appellant to actual damages therefor. The court upon the trial, however, found that there was no evidence to support the claim for damages for wrongful suing out of the attachment, which finding is supported by the evidence, and the specific objection that the evidence referred to was not limited to what occurred before the alleged purchase of the property by appellee, is not presented by the assignment. With this explanation, assignments of error 4, 5, 9, 10, 11, 12, and 16 are overruled.

The question propounded to appellee, referred to in the eleventh assignment, "Did you have reason to believe that the property was the firm's property?" and the affirmative answer thereto, standing alone, was subject to the objection made to its admission; but it was immediately followed by a question to the witness and his reply thereto, giving his reasons for such belief. Such belief, with the reasons therefor as an inducement to the purchase and prior thereto, was admissible.

The eighth assignment of error must be sustained. It was improper to allow the witness Dean to testify as to the contents of a letter from Mooney to him, over the objection of appellant that the letter was the best evidence. No attempt was made to account for the nonproduction of the letter. This testimony is, however, not important, and would not alone require a reversal.

It was immaterial what was appellee's belief as to the ownership of the property at the time he instituted this suit. Such belief would not support his plea of estoppel nor tend to do so. Nor would it protect him from appellant's claim for actual damages. The fifteenth assignment of error, presenting the question, must be sustained. For the same reason, it was improper to admit the evidence referred to in the fourteenth assignment as to appellee's ignorance of appellant's claim at the time the suit was brought.

There is no merit in the seventeenth assignment. The substantial effect of the testimony which was excluded would have been to get before the jury the contents of the bill of sale from Walls to McCollum. No proper predicate was laid for the introduction of parol evidence of the contents of this instrument, and upon objection of appellee that the writing was the best evidence the testimony was properly excluded. This objection, however, does not apply to the testimony as to what property was delivered by Walls to McCollum, if there was an actual delivery of the property, independent of the execution of the bill of sale. The testimony would indicate that the witness was testifying as to such actual delivery, and there is nothing in the objection to indicate otherwise. The eighteenth assignment is well taken. The nineteenth assignment of error is overruled without discussion.

By the twelfth and twenty-first assignments of error, appellant complains of the charge of the court on the issue of estoppel, and by the thirty-first assignment of the refusal of a special charge that the evidence did not present that issue. The charge given is theoretically correct, if the evidence had presented the issue of estoppel as pleaded; but we are of the opinion that it does not raise this issue. Appellee pleaded that he was induced to sell the goods on the faith of the ownership of the property in question by Ricketson & McCollum; but this is not supported by any evidence. The evidence for appellee tended to show that the property was brought to Tyler county from Burnett county by A. Ricketson, father of appellant, and was used in the turpentine business, in which they were engaged, by Walls & Ricketson, just as other property owned by them, with appellant's consent. Appellant himself was engaged with his father and Walls in the operation of the business, as an employé for wages. Sowell, who appears to have succeeded McCollum in the firm, or to have become a partner in some way, testified that, when the negotiations were going on with regard to the mortgage from the firm to Saunders, appellant and McCollum were present, and that they both gave a list of property to be included in such mortgage, including these mules and one wagon, but that by mistake the property was not included in the mortgage, and there was some evidence as to appellant having rendered some of the property for taxation for the year 1908 in the name of Ricketson & McCollum. This evidence shows the rendition of two mules, but the officer testified that appellant the next day told him that this rendition was a mistake, as some of the property was private property; that is, did not belong to the firm. The entire transaction with regard to the purchase of the property, the consideration being, as alleged, the satisfaction of the note of Ricketson & McCollum to appellee, was managed for appellee by his agent, J. A. Mooney, and it does not appear that he knew, at the time he made the agreement with Sowell to take the property for the note, either the facts testified to by Sowell as above, or about the assessment referred to. Whatever effect may be attached to this evidence, it does not appear that it in any way, or to any extent, affected Mooney's action. It certainly does not appear by any evidence that by his conduct in allowing the firm of Ricketson & McCollum to use the mules in their business, as stated, appellant intended that they should dispose of them in any way as their own, nor that there was any expectation on his part that they would do so, or that the circumstances of his conduct were such as to make it both natural and probable that they would do so. 2 Pom. Eq. § 805. Mooney seems to have relied alone upon the general appearances arising from the property being used by the firm. There being no occasion requiring him to speak, appellant's failure to do so could not estop him. Much is undertaken to be made of appellant's alleged failure to speak at the meeting between himself, his father, and Mooney at Rockland on October 8th, when informed by Mooney that he had taken the property in satisfaction of the note by agreement with Sowell. Nothing that occurred at that meeting could support the plea of estoppel for the sufficient reason that it had no effect on Mooney's action, as it was after agreement with Sowell, and after Mooney had taken the property. Appellant's silence at that meeting could not, therefore, have operated to influence Mooney's action. Absolutely nothing was done by Mooney after this meeting in the matter of taking the property for the debt. He only proposed to let A. Ricketson have the mules back, if he would turn over a car of spirits and rosin in satisfaction of the debt, which he agreed to do, but which could not be done on account of Saunders' mortgage. All the evidence shows conclusively that this was after the trade had been made with Sowell, and certainly appellant parted with no right of any kind, nor did anything to his prejudice on account of anything that occurred on that occasion.

But for another and more conclusive reason the evidence fails to present the issue of estoppel. If, in fact, the property in question belongs to appellant, and appellee took no title thereto by reason of the sale and delivery thereof to him by Sowell, he suffered no injury, nor was he prejudiced as to any rights he may have had by reason of his agreement with Sowell. Appellee claims to have agreed to take the property in satisfaction of the note of Ricketson & McCollum held by him. The note was not delivered by him, nor was it, in fact, ever canceled. He still has it, and every right thereunder that he had previous to this transaction. His position, if the property belongs to appellant, has been in no way changed for the worse. One of the essential elements of estoppel is that the person claiming the benefits of it must have acted upon the conduct of the person against whom it is urged "in such a manner as to change his position for the worse; in other words, he must so act that he would suffer a loss if he were compelled to surrender or forego or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it." 2 Pom. Eq. § 805. Appellee still has the note with every remedy he ever had for its collection, so far as the evidence shows.

It was error to charge upon the issue of estoppel at all, and the assignments of error referred to must be sustained.

It is insisted by appellant that there was no evidence to sustain appellee's claim, and that the judgment should be here rendered for appellant for the $430 deposited with the clerk, with interest. To this we can hardly agree. Much of the evidence relied upon to establish the plea of estoppel is pertinent to the issue of title, and the evidence, all taken together, presents an issue as to the title, independently of estoppel, which was properly submitted to the jury.

None of the other assignments of error presents any grounds for reversal. On the issue of damages the court properly charged that there was no evidence of damages.

If upon another trial appellant recovers judgment, he would be entitled to the $430 deposited with the clerk, with legal interest thereon from the date of its deposit, together with such actual damages, if any, as he may have suffered by reason of the unlawful seizure of the property under the writ of sequestration from the time of such seizure until it was redelivered to him upon the agreement referred to.

For the errors indicated, the judgment is reversed, and the cause remanded. In view of another trial, we call attention to the fact, not presented by any assignment, that by the judgment appellee recovered both the money and the property, with execution for the one and writ of possession for the other. Judgment should have been for the money only, under the agreement.

Reversed and remanded.