## HOOSS v. WILLINGHAM et al.

### No. 8537.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1931.

Rehearing Denied March 4, 1931.

Wm. H. Russell, of San Antonio, for appellant.

Jno. C. Wall and Bliss & Daffan, all of San Antonio, for appellees.

FLY, C. J.

Mrs. Elmir Willingham, joined by her husband, J. E. Willingham, brought this action to cancel a certain deed executed by them to appellant, alleging that the land which the deed purported to convey was their homestead and the instrument was not intended to convey title but was given to secure a loan of $3,700, made by appellant to appellees. Appellant claimed the land was conveyed to him and was a bona fide sale, and that the monthly payments of $35 were for rent of the premises and not payments on borrowed money. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered in favor of appellees for cancellation of the deed and quieting title in appellees, and in favor of appellant for the amount of the taxes paid by him on the land and for the amount of money due on the loan; a lien being foreclosed on the homestead for the amount of the taxes.

The jury found that the deed was executed to secure a debt; that none of the borrowed money was used to pay off a lien on the lot held by one Medlin; that appellant had paid $388.22 for taxes on the land; that the monthly rental on the premises was $35; and that appellees had paid appellant since March 28, 1924, the sum of $423.50 on the debt.

It was the contention of appellees that, although in the form of a deed, the instrument conveying the homestead of appellees to appellant was intended and was executed to secure the payment of $3,000 borrowed by appellees from appellant. The wife swore that she was told by her husband that she need not fear to sign the deed, as it was only a mortgage on her home and would not endanger her homestead rights. Appellant objected to the testimony because appellant was not present and was not shown to have been informed of any such conversation occurring between the man and his wife. No effort was made to show that appellant knew of the representations made to the wife, and, when the testimony was objected to, the court recognized the force of it and informed the appellees that, in the absence of testimony bringing the representations to the knowledge of appellant and showing that appellant acted in the light of such knowledge, the testimony was not admissible. Upon the representation of counsel for appellees, who recognized the potency of the objections, that proof would afterwards be introduced connecting appellant with the representations, the testimony was allowed to be presented to the jury. The promised evidence was not offered by appellees. Mrs. Willingham swore that she had no conversation or transactions with appellant at any time until at least three years after she had signed and acknowledged the deed. No one intimated that appellant was ever informed before the execution of the deed and completion of the transaction, of any conversation that took place between the husband and wife. Without that testimony, the evidence of husband and wife as to conversations with each other were not binding upon appellant and should not have been allowed to be heard by the jury. The rule laid down has never been questioned and has been universally sustained. It is hearsay evidence of the most malignant species, because it is impossible to attack it and show its falsity.

It would have an overwhelming effect on a jury. Appellees recognized the rule, but now seem to take a position in opposition to it. It is the rule clearly stated in Davis v. Brewster, 59 Tex. 93, by Judge Stayton for the Supreme Court. This case is relied on and cited by appellees, but the language does not uphold the argument of the appellees. We quote from the decision:

"If it was delivered and received with an intention and understanding between the parties that it should only be a security for the debt of Davis, then that is its true character, whatever contrary intention the defendants and Davis may have had prior to the time the instrument was delivered.

"If there was no agreement between the defendants and Davis that the conveyance, although absolute in form, was to be in effect but a mortgage, and if there was no authorization by the defendants to Davis to represent to his wife that the instrument should be but a mortgage, yet, if he so represented to her, and she, relying upon such representation, executed the deed understanding and intending it to be only a mortgage, and it was afterwards delivered to the defendants by the husband, they having knowledge at the time of the delivery that the wife only intended and understood it to be a mortgage, then mortgage it is; and the defendants could not, in such case, be heard to claim any other character for the paper."

The holding as to the admissibility of the evidence is hinged upon the knowledge of the opposing party.

The objections to the conversations between man and wife apply with equal force to communications between the husband and his attorney. The evidence should not have been admitted.

The court in the first issue presented together the questions of execution of the deed by appellees and acceptance by appellant, coupled with each other in such way as to confuse a jury, and so as to make a double answer necessary, unless, as seems to have been assumed by the court, the same answer should be made to both issues. The issues as to the acts of appellees and the acts of appellant should have been separated by the court.

The evidence given by the wife as to the conversation with her husband, of which appellant had no knowledge, was of supreme importance, and would have great effect in shaping the verdict of a jury which naturally sympathized with her in her claims to homestead rights. It was testimony which could not be met by appellant, because the conversations took place in the privacy of appellees' home, when no one was present except the husband and wife. Under the circumstances, it was inadmissible.

The judgment is reversed, and the cause remanded.