**BAKER et ux. v. PIERCE et al.**
**No. 5348.**

Court of Civil Appeals of Texas. Amarillo.
Nov. 3, 1941.

E. A. Bills, of Littlefield, for appellants.

W. D. Girand, of Lubbock, for appellees.

STOKES, Justice.

On the 30th of March, 1939, Dee Jackson approached the appellee, C. A. Pierce, who was a real estate broker at Lubbock, and asked Pierce how much money, in his judgment, could be obtained from a sale of one-half of the oil and mineral royalty in and under the southwest one-fourth of Section 30, Block X, located in Yoakum County. He stated to Pierce that the land belonged to his mother but the title was in the name of his uncle, the appellant, O. O. Baker, and that his mother had told Jackson he could have the proceeds of the sale of the royalty interest. Pierce informed Jackson, in substance, that, in his judgment, the royalty interest mentioned could be sold for $5 an acre base, that is, $5 an acre for the entire royalty interest, and that the one-half thereof could be sold for $2.50 per acre, or a total consideration of $400. Jackson indicated he would consider the proposition and later came to Pierce and told him it would be accepted. Pierce thereupon prepared a deed to be executed by appellants, Baker and wife, delivered it to Jackson, and instructed him also to procure an abstract of the title to the land. Jackson immediately took the deed to Sudan, in Lamb County, where appellants lived, procured their signatures and acknowledgments to it, and returned the deed and abstract to Pierce at Lubbock. After Pierce had satisfied himself as to the title he procured appellee, John E. Toles, to pay Jackson the $400 consideration and conveyed to Toles a portion of the royalty interest. He afterwards conveyed to appellee, Gertrude E. Beason, a portion thereof.

The record shows that in July, 1939, appellants filed a suit in the district court of Yoakum County to cancel the deeds above mentioned but that suit was dismissed and the instant suit was filed in Lubbock County on January 8, 1940. The purpose of the suit was to cancel the mineral deeds, appellants alleging that their deed to Pierce had been procured through fraud and conspiracy; that it was without consideration, Pierce never having paid appellants anything whatever for the interest therein conveyed; that it was delivered to Pierce by Jackson without any authority from appellants to deliver the same, and that its execution had been induced by fraudulent and false representations made to them by Jack-

son who they alleged was the agent and representative of Pierce.

The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of the appellees, C. A. Pierce, John E. Toles, and Gertrude E. Beason, who were the defendants in the court below. Appellants duly excepted to the judgment, gave notice of appeal, and have perfected an appeal to this court where they assail the judgment on numerous grounds.

The principal ground upon which their contention is based is raised by the third assignment of error to the effect that the evidence shows without contradiction that Dee Jackson had no authority to deliver the deed to Pierce except on the receipt by Jackson from Pierce of a consideration of $800. They contend in this connection that Jackson was the agent and representative of Pierce and that Jackson represented to them that they would receive $800 as consideration for the conveyance as soon as he could deliver the deed and Pierce could satisfy himself concerning the title to the land.

■ The evidence shows that Dee Jackson was appellant Baker's nephew; that he approached Pierce and asked him if he, Pierce, could sell some royalty interest in Yoakum County, stating that his mother owned certain lands in that county and that his mother had told him he could have the proceeds of half of the royalty if he could make sale of it. Pierce informed him that he could sell the royalty interest for about $2.50 an acre and when Jackson finally decided to accept that amount, he informed Pierce, who prepared the deed and delivered it to Jackson as above stated, reciting a consideration of $10 and other valuable considerations. There is no evidence whatever that appellees or either of them constituted Jackson their agent to procure for them the conveyance of the minerals. The evidence shows that Jackson procured the execution of the deed by appellants and returned it and the abstract of title to Pierce the next day. Pierce thereupon procured appellee Toles to pay the consideration to Jackson and the transaction was closed by delivery to Pierce of the deed. The undisputed evidence shows that appellants executed the deed and placed it in the hands of Jackson to be delivered to Pierce. Baker testified that he did so with the understanding from Jackson that he, Baker, would receive $800 when the deed was delivered. There is no

evidence that Pierce knew anything about such an understanding. Appellants delivered the deed to Jackson with the understanding that he was to deliver it to Pierce and this made Jackson the agent of Baker for the purpose and with the authority to close the transaction by delivering the deed and collecting the purchase price. The deed recited a consideration of $10 and other valuable considerations and the record reveals no testimony whatever to the effect that Pierce knew anything about the instructions which Baker claims he gave to Jackson nor that Pierce was informed in any manner as to any understanding or belief that Baker may have entertained at the time he delivered the deed to Jackson. Baker having made Jackson his agent to deliver the deed and close the transaction, he was, therefore, bound by the agreement of Jackson as to the purchase price and we find no error in the conclusion and judgment reached and entered by the trial court. Ryan v. Missouri, K. & T. Ry. Co., 65 Tex. 13, 57 Am.Rep. 589; Birge-Forbes Co. v. St. Louis & S. F. Ry. Co., 53 Tex. Civ.App. 55, 115 S.W. 333; T. H. Baker & Co. v. Kellett-Chatham Mach. Co., Tex.Civ. App., 84 S.W. 661; Hooss v. Willingham, Tex.Civ.App., 35 S.W.2d 847; Brown v. Stoker, Tex.Civ.App., 102 S.W.2d 248.

■ Appellants assign error of the court in sustaining the objections of appellees to the testimony of appellant, O. O. Baker, concerning a conversation which he had with Dee Jackson when the deed was executed and delivered to the latter. He testified that Jackson told him that Pierce would pay $800 as consideration for the conveyance of the mineral rights and that the money would be paid to Baker as soon as the deed could be delivered. He testified further that Jackson had no authority from him to deliver the deed to Pierce under any conditions other than the payment by Pierce of the $800 consideration. We find no error in the action of the court in sustaining appellees' objections to this testimony. There was no proof of any written instructions or limitations of authority made by Baker to Jackson nor that Pierce knew anything about the alleged conversation, and without such showing, the testimony was clearly inadmissible. Baker did not deny that he gave to Jackson authority to deliver the deed to Pierce and collect the purchase price. The deed recited a consideration of $10 and other valuable considerations, hence Pierce could not know

from the deed that Baker had set any particular price on the interests being conveyed. Baker having placed the deed in Jackson's hands to be delivered to Pierce, the presumption arises that Jackson had authority to close the transaction for the consideration of $400 agreed to by him. The conversation was out of the presence and hearing of appellees and, under the circumstances shown by the testimony, it was clearly inadmissible.

We have carefully examined all of the assignments of error presented by appellants and, in our opinion, no reversible error is shown by any of them. The judgment of the court below will, therefore, be affirmed.