**H. N. THOMAS, Appellant,**

v.

**ATLANTA LUMBER COMPANY, Appellee.**

No. 7440.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 28, 1962.

Robert F. Salmon, Linden, for appellant.

Carney & Mays, Atlanta, Tex., for appellee.

CHADICK, Chief Justice.

This is a suit for debt. Judgment was rendered for the plaintiff in the trial court; such judgment is affirmed.

Appellee, Atlanta Lumber Company, a co-partnership, as plaintiff, sued appellant, H. N. Thomas, as defendant, to recover the face amount of an unpaid check for $258.69 and the balance of an open account in the amount of $1,421.76, alleging that the unpaid balance of the account accrued from the sale to Thomas of lumber salvaged from buildings the Atlanta Lumber Company purchased from Grogan Manufacturing Company, a corporation. The account involved transactions in the period between Dec. 14, 1950 and April 19, 1952. Thomas answered by general denial. All issues were submitted to the judge of the trial court for determination.

The four points of error briefed are concerned with the exclusion from evidence of four exhibits offered by Thomas, to-wit: Exhibit 1, Bill of Sale dated June 16, 1950, from Grogan Manufacturing Company to Thomas "for a big rough shed west of the plainer at Bivens, Texas", containing 79,554 board feet of lumber; Exhibit 2, Bill of Sale dated July 17, 1950 from Grogan Manufacturing Company to Thomas for the fuel house and the north and south annex to rough shed at Grogan's mill; Exhibit 3, Bill of Sale from Grogan Manufacturing

Company to Thomas, dated August 25, 1950, for the dress lumber shed, dry chain shed, green chain shed, and sawmill shed at Grogan's mill, reciting total consideration as $1,431.72; Exhibit 4, a receipt dated October 20, 1950, from Grogan Manufacturing Company to Thomas for $1,431.72 reciting payment for material listed in the Bill of Sale dated August 25, 1950.

A partner in Atlanta Lumber Company was the first witness. During cross examination the partner testified the lumber invoiced to Thomas, was largely salvage from sheds which the Atlanta Lumber Company acquired from the Grogan Manufacturing Company, with the possibility that a small part was new lumber manufactured by Atlanta Lumber Company. This witness identified defendant's Exhibit No. 1 as bearing the genuine signature of W. R. Grogan, President of Grogan Manufacturing Company at the date shown on the Bill of Sale. Counsel for Atlanta Lumber Company objected to the admission of the exhibit for the reason that transactions between Grogan Manufacturing Company and Thomas were transactions between a stranger to the suit and Thomas, and were immaterial and irrelevant to any issue in the lawsuit between Atlanta Lumber Company and Thomas. In an effort to overcome the objection counsel for Thomas stated to the court: "Our contention, your honor, is that he is charged with lumber he had already purchased himself from Grogan Manufacturing Company, and we consider this sale ———". Thereupon the court asked the witness: "Is that correct? Is this man being charged with lumber he bought from someone else other than you?" The witness answered in the negative. Counsel for Thomas tendered Exhibit 1 as evidence and the court excluded it by sustaining the objection previously voiced. With substantially this same background, Exhibits 2, 3 and 4 were excluded when tendered. At no time before both parties rested their case did Thomas re-offer the excluded exhibits.

Appellant Thomas makes the following argument in his brief:

"* * * The defendant under his denial plea, tendered evidence to dispute the ownership by plaintiff of the property charged to him, and at the same time to establish in himself the ownership thereof, by virtue of his purchase thereof from Grogan Manufacturing Company. Such purchase by defendant from Grogan Manufacturing Company was well known to the plaintiff. S.F. Pg. 22 Lines 19 through 25. Ownership thereof, that is of the lumber in question becoming the very gist or crux of this suit. Title to the substance matter thereof, becoming the main issue. The defendant offered a bill of sale, or similar instrument in writing to establish his ownership thereof. The court excluding such tender, failed to consider the best evidence rule, and for authority for the best evidence rule, reference is here made to Baily v. Trammell, 27 Tex. 317; Ricketson v. Best, Tex.Civ.App., 134 S.W. 353. The exclusion of such testimony, preventing the defendant an opportunity to establish ownership, was and is prejudicial to the rights of this defendant, and was and is an abuse of discretion."

The appellee contends that the exhibits were properly excluded as they did not tend to prove or disprove any fact in issue and were without pleadings to support the theory upon which they were offered; asserting that in any event exclusion was harmless. It appears that the court's judgment may be affirmed upon the narrow basis that the court's ruling was correct at the time it was made. This opinion need not be prolonged for a discussion of the other theories.

 Ordinarily a party making an objection to the admission of evidence is entitled to an immediate ruling admitting or excluding the evidence.[a] There is no error

a. 1 Tex.Law of Evidence, p. 29, Sec. 29.

in the exclusion of evidence which is not admissible when offered.[b] It is permissible for trial courts to admit testimony before its relevancy is established upon assurance from counsel that other evidence establishing relevancy of that prematurely tendered will be offered subsequently or when the pleadings of the parties indicate the tendered evidence will probably become admissible as the case is developed.[c]

The condition of the record at the time the exhibits were tendered was this: Thomas was before the court on his plea of general denial, his counsel was suggesting that the lumber invoiced to Thomas was salvaged from sheds at the Grogan Manufacturing Company and the instrument offered pertained to the sale of sheds purchased by Thomas from that company. The evidence in the record showed the salvaged lumber invoiced to Thomas was not the same lumber Thomas bought from Grogan Manufacturing Company. Clearly, the objection at the time the court ruled was well taken as Grogan Manufacturing Company was a stranger to the cause.[d] No assurance was given that the pertinency and admissibility of the instruments would be shown later in the development of Thomas's defense.

Assuming, without deciding, that later evidence made admissible the excluded exhibits, the rule now quoted, taken from Corpus Juris Secundum, applies. "Where the evidence is immaterial, its exclusion is not ground for reversal even if it would have been pertinent to the case as subsequently developed and its rejection if offered subsequently would have been erroneous."[e] In this context it is emphasized that the excluded exhibits were not again proffered before the parties rested their case. Thomas was not entitled to treat the trial judge's ruling as final under the circumstances here shown.[f]

Appellant's points of error are overruled and the judgment of the trial court is affirmed.

**b.** Appeal and Error, 5A C.J.S. Appeal & Error § 1739, page 1078; "Evidence" 23 Tex.Jur. (2) 202 Sec. 139.

**c.** Huckins v. Kapf, 4 Willson Civ.Cas.Ct. App. 16, 14 S.W. 1016; Hooss v. Willingham, Tex.Civ.App., 35 S.W.2d 847, "Evidence" 23 Tex.Jur. 202, Sec. 139.

**d.** Watson v. Walker et al., 67 Tex. 651, 4 S.W. 576; Gruss v. Cummins, Tex.Civ. App., 329 S.W.2d 496, N.W.H.; American General Insurance Company v. Sims, Tex.Civ.App., 278 S.W.2d 586, N.R.E.; Williams v. Texas Employers' Ins. Ass'n., Tex.Civ.App., 218 S.W.2d 482, N.R.E.

**e.** "Appeal and Error", 5A C.J.S. Appeal & Error § 1740, page 1078.

**f.** 1 Texas Law of Evidence, p. 29, Sec. 29; "Evidence", 23 T.J.2d p. 320, Sec. 207.