**Motion Granted in Part and Denied in Part and Order filed August 4, 2016**



In The

# Fourteenth Court of Appeals

_____

NO. 14-16-00170-CV
_____

**BELINDA DAWN TIDWELL, Appellant**

**V.**

**JOHN ROBERSON AND GRIMES AND FERTITTA, P.C., Appellees**

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 13-03-21887**

## ORDER

This appeal arises from an order granting appellees' motion for summary judgment, turnover, and appointment of a receiver. Appellant Belinda Dawn Tidwell filed a Petition for Emergency Relief by Writ of Supersedeas and Motion for Emergency Temporary Stay. She asks us to allow her to supersede the judgment without requiring security because she is indigent. We granted the request for a stay pending our review of the supersedeas issue.

Appellee Grimes & Fertitta, P.C. ("G&F"), represented appellee John

Roberson in his divorce from Tidwell. G&F had a money judgment in its favor against appellant for $45,118.51. That judgment was executed in September 2012.

In March 2013, appellees initiated the case underlying this appeal by filing a petition for fraudulent transfer action and suit for judicial foreclosure. They alleged appellant fraudulently transferred non-exempt funds to her daughter, Jennifer McCallum, who used those funds to buy a 32-acre parcel of land in Anderson County.

On December 7, 2015, the trial court signed an order granting appellees' motion for summary judgment, ordering turnover of many assets, and appointing a receiver. Among other things, the order (1) directs McCallum to turn over the parcel to the receiver; (2) awards G&F punitive damages of $100 plus post-judgment interest from appellant and McCallum, jointly and severally; (3) directs appellant to pay to the receiver the amount necessary to satisfy the underlying judgment and the receivership; and (4) authorizes the receiver to take possession of all non-exempt property in appellant's actual or constructive possession. The order anticipates the sale of appellant's real property but requires each sale to be approved individually by the court.

After this appeal began, the receiver filed a motion in the trial court for approval of procedures to be used to sell the 32-acre parcel. The trial court granted the motion. The record does not reflect if the receiver has requested approval for a particular sale, as required by the December 7 order.

Appellant filed a motion in the trial court to stay the judgment pending the appeal and "for approval of" a supersedeas bond. Despite its title, the motion appears to request that she be allowed to suspend enforcement of the judgment **without** posting a supersedeas bond because she is indigent and has a net worth of zero dollars.

The trial court denied appellant's motion. The order of denial states in part:

> [T]he right of supersedeas is available to defendant Tidwell . . . . The Court finds that defendant Tidwell must supersede the judgment by some method or risk enforcement of the judgment.
>
> The Court finds that a liable party is not exempt from enforcement of the judgment and the obligation to supersede the judgment to avoid enforcement merely because the party is indigent. (Merrell v. Fannin & Harper, 597 S.W.2d 945, 950 (Tex. Civ. App.—Tyler 1980, no writ). The Court finds that it cannot require defendant Tidwell to supersede the judgment. The Court further finds that it does not have the authority to waive a supersedeas bond.

Supersedeas is governed by Tex. R. App. P. 24. Generally, a judgment debtor has the right to supersede a judgment. Tex. R. App. P. 24.1(a). The entitlement to, nature, and amount of security required to supersede a judgment depends on what relief the judgment gives: money, recovery of property, or something other than money or a property interest. Tex. R. App. P. 24.2(a). When the judgment is for money, the amount of the bond must equal the sum of compensatory damages, estimated interest, and costs awarded in the judgment, but that amount may not exceed the lesser of 50 percent of the judgment debtor's net worth or $25 million. *See* Tex. R. App. P. 24.2(a)(1). When the judgment is for an interest in real property, the trial court must determine the type of security required to supersede the judgment. The amount of that security must be at least the value of the property's rent or revenue. *See* Tex. R. App. P. 24.2(a)(2). When the judgment is for something other than money or property, the trial court must set the amount and type of security the judgment debtor must post to protect the judgment creditor against loss or damage by the appeal. *See* Tex. R. App. P. 24.2(a)(3). However, the trial court may instead decline to permit the judgment to be superseded if the judgment creditor posts security in an amount and type to secure the judgment debtor against loss or

damage by the appeal. *See id.*

The trial court correctly recognized that appellant is entitled to supersede the December 7, 2015 order. However, without an order setting the amount or type of security required for her to supersede the judgment, appellant cannot exercise that right. Texas Rule of Appellate Procedure 24 establishes the procedures available to the parties to challenge the supersedeas requirements once they are set by the trial court.

Accordingly, we order as follows:

We **GRANT** appellant's motion to the extent it asks that the trial court be directed to set the supersedeas amount, and **ORDER** the trial court to hold a hearing to determine the amount and type of security required to supersede the judgment by **September 8, 2016**. We **DENY** the motion to the extent it asks this court to set a supersedeas amount or to allow appellant to supersede the judgment without posting a bond, without prejudice to refiling after the trial court sets the supersedeas amount.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison